1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PAUL WINFIELD,                              No.  2:15-cv-2011 CKD P

12                  Plaintiff,

13        v.                                     ORDER

14   HAQUE,

15                  Defendant.

16

17        By an order filed October 6, 2015, plaintiff was ordered to file an in forma pauperis

18   application or pay the filing fee for this action within thirty days.  (ECF No. 6.)  He was cautioned

19   that failure to do so would result in dismissal of this action.  (Id.)  The thirty day period has now

20   expired, and plaintiff has neither filed an IFP application nor paid the filing fee.  Instead, he has

21   filed a document stating that he cannot obtain the IFP paperwork, but seeks IFP status nonetheless

22   because he "can't afford the filing fee."  (ECF No.  9.)

23        Court records indicate that plaintiff has been deemed a "Three Strikes" inmate under 28

24   U.S.C. § 1915(g).  In Winfield v. Rappoport, No. 2:12-cv-2387 WBS AC, the district judge

25   adopted findings and recommendations denying plaintiff IFP status because he had filed three or

26   more frivolous actions.[1]  (Id., ECF Nos. 5 & 8.)  The case was subsequently dismissed due to

27   _____

28   [1] The magistrate found the following actions had been dismissed for failure to state a claim:
     Winfield v. Davis, No. 2:03-cv-0101 FCD PAN P; Winfield v. Katcher, No. 2:03-cv-2064 GEB

1

1     plaintiff's failure to pay the filing fee.  (Id., ECF No. 13.)

2        28 U.S.C. § 1915 permits any court of the United States to authorize the commencement

3     and prosecution of any suit without prepayment of fees by a person who submits an affidavit

4     indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

10     28 U.S.C. § 1915(g).

11        Here, plaintiff alleges that defendant is forcing him to take psychotropic drugs to which he

12     is allergic.  (ECF No. 1.)  In Winfield v. Rappoport, in which plaintiff claimed defendants were

13     trying to kill him with psychotropic drugs, the magistrate noted that "similar allegations involving

14     his psychotropic medication have been the basis of many of plaintiff's complaints over the last

15     ten years against various defendants, though plaintiff has yet to be murdered by defendants due to

16     medication as alleged in the instant complaint."  (Id., ECF No. 5.)  As in that case, the

17     undersigned finds that plaintiff has not credibly alleged "imminent danger of serious physical

18     injury" under § 1915(g).

19        In light of the above, plaintiff will be granted an additional fourteen days to pay the filing

20     fee in this action; otherwise, it will be dismissed.

21     ////

22     ////

23     ////

24     ////

25     ////

26

27     GGH P; Winfield v. Downing, No. 2:06-cv-0391 GEB JFM P; and Winfield v. Suliven, No. 2:07-
cv-0828 LKK EFB P.  (Id., ECF No. 5.)  Having reviewed these actions, the undersigned concurs

28     that they constitute "strikes" under § 1915(g).

1     IT IS HEREBY ORDERED that plaintiff shall pay the $400 filing fee no later than

2   fourteen days from the date of this order.  Failure to comply with this order will result in

3   dismissal of this action.

4   Dated:  November 24, 2015

5   _____
    CAROLYN K. DELANEY
6   UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12   2 / winf2011.threestrikes

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28